FILED

MAR 19 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | No. 12-50142 |
| Plaintiff - Appellee, | D.C. No. 2:11-cr-00075-PA-1 |
| and | |
| **FEDERAL INSURANCE COMPANY,** | **MEMORANDUM**[*] |
| Movant - Appellee, | |
| v. | |
| **GERSON S. HORN,** | |
| Movant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Argued and Submitted February 13, 2013
Pasadena, California

---

[*]    This disposition isn't appropriate for publication and isn't precedent except as provided by 9th Cir. R. 36-3.

Before:    **KOZINSKI**, Chief Judge, **SILVERMAN**, Circuit Judge, and **RAKOFF**, Senior District Judge.[**]

Appellant Gerson S. Horn's claims of error all depend on his assertion that the bond money belonged to him.  The district court found that it belonged to Horn's client, David Hamedany:  "[T]he $89,530.34 posted for [Hamedany's] bond . . . is directly traceable to the liquidation of his 401(k) account . . . ."  We review this finding for clear error, Momot v. Mastro, 652 F.3d 982, 986 (9th Cir. 2011), and find none.

The magistrate judge ordered Hamedany's bond to be "collateralized by the proceeds in defendant's 401(k) account."  The order specified that "[t]he equity in the account shall be liquidated.  The proceeds of the account shall be withdrawn and posted as cash collateral with the Clerk, unless . . . defendant and the United States submit a joint stipulation that the proceeds of the account may remain in the account subject to the right of the government to withdraw them."  The record indicates the order was complied with.  The money from Hamedany's 401(k) went into a client trust account managed by Horn, and Horn wrote a check for the bond, drawn on that trust account.  The bond order didn't mention the possibility that

---

[**]    The Honorable Jed S. Rakoff, Senior District Judge for the U.S. District Court for the Southern District of New York, sitting by designation.

Horn would post the bond on behalf of his client. Nor do the Central District of California's Local Rules permit an attorney "appearing in the case" to post bond for his client. C.D. Cal. R. 65-9. This all supports the district court's finding that the bond money came from Hamedany, not Horn.

For his part, Horn points to an "Affidavit by Owner of Cash Security," where he asserted that the bond money "is owned by me." But the government denies that it had a chance to see and contest the affidavit, and the district court noted that the affidavit "does not appear on the Court's docket." Further, the affidavit indicated that the money came from Horn's "client trust acc[oun]t."

The district court made its factual finding after considering Horn's affidavit, alongside the other evidence in the record. We see no error, clear or otherwise. Because the money didn't belong to Horn, we don't reach the rest of his claims of error.

**AFFIRMED.**